CRICHTON, J.,
additionally concurs and assigns reasons.
|2I agree with the majority’s decision to deny the writ, as I believe it lacks Rule X considerations. I also agree with the majority’s decision to allow exhibits to applications to this Court to be filed under seal. I write separately, however, to express my belief, consistent with our Constitution, that court- proceedings should be open to the public unless there is a constitutional or statutory basis to close proceedings.
Article I, Section 5 of the Louisiana Constitution affords a baseline right to privacy to each citizen: “[ejvery person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy.” Furthermore, the Health Insurance Portability and Accountability Act of 1996 (“HIPAA”) limits the dissemination of a person’s medical records absent that person’s consent. *1053 See PL 104-191, August 21,1996, 110 Stat. 1936; see also 18, 26, and 42 U.S.C.A. Finally, in interdiction matters such as this one, La. C.C.P. art. 4547 provides that “the hearing may be closed for good cause.”
In summary, state and federal authority exists on which to base a determination that these sensitive proceedings, which heavily rely on protected medical information, should be closed to the public. It is therefore my view that the trial court did not err in finding “good cause” to allow a closed hearing.